**SIGNED.**

Dated: May 02, 2008

_____
**JAMES M. MARLAR**
**U.S. Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

In re: ) Chapter 7
)
RICHARD SPREISER and KATHLEEN ) No. 4:04-bk-00470-JMM
SPREISER, )
) **MEMORANDUM DECISION**
Debtor(s). )

The Debtors have asked this court to reopen their case (Dkt. #54), so that they may add a creditor to their list of debts, and gain a discharge of that obligation. In order to adequately discuss this issue, a summary of the case's proceedings is required.

**BACKGROUND**

The Debtors filed for chapter 7 bankruptcy relief on February 6, 2004. They filed their lists of creditors, and a statement of financial affairs. The Debtors' bankruptcy was prompted principally by the failure of a business in which they were engaged, and because of several lawsuits filed against them, which were related to the failed business.

The Debtors received their discharge on August 18, 2004. A claims "bar date" was set for July 12, 2006 (Dkt. #40). In the end, the Trustee was only able to garner $1,186.07. From this figure, the Trustee's fee and costs of $327.52 were deducted, and the balance of $858.55 was distributed to unsecured creditors.

The 12 creditors, who divided up the $858.55, had filed claims totaling approximately $1,413,166. Their distribution was a minuscule .0006 cents on the dollar. (*See* Trustee's Final Account, Dkt. #47.)

The case was closed on May 3, 2007 (Dkt. #53).

## THE MOTION TO REOPEN

On February 1, 2008, the Debtors asked this court to reopen their case to add the Leon Spitzer Family Limited Partnership, a creditor on a contingent debt (a guarantee) that the Leon Spitzer Family Limited Partnership had paid in settlement of other litigation against it.

The Leon Spitzer Family Limited Partnership opposed reopening, contending that doing so would be administratively burdensome.

## THE LAW

Closed cases may be reopened in order to accord relief to a debtor. 11 U.S.C. § 350. The decision whether to do so is one residing within the sound discretion of the judge. *Curry v. Castillo (In re Castillo)*, 297 F.3d 940, 945 (9th Cir. 2002).

Had the Debtors initially listed the Leon Spitzer Family Limited Partnership in its original filing, the Leon Spitzer Family Limited Partnership could have filed a claim for its $60,000 loss, and received .0006 thereof, or about $35 on the claim.

The law in the Ninth Circuit is that, in a "no asset" case, an unscheduled creditor is still discharged on the theory that he or she did not get unfairly excluded from a meaningful distribution. *Beezley v. California Land Title Co. (In re Beezley)*, 994 F.2d 1433, 1436 (9th Cir. 1993).

1   Here, it is apparent that a $35 recovery on a $60,000 claim is not meaningful.[1]

2   However, in the exercise of its discretion, the court can fashion a remedy which
satisfies both the parties and the law. *See Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206,
108 S.Ct. 963, 969, 99 L.Ed.2d 169 (1988); *see also Canino v. Bleau (In re Canino)*, 185 B.R. 584,
590 (9th Cir. BAP 1995); 11 U.S.C. § 105.

## CONCLUSION

Considering all of the circumstances, the court finds and concludes that re-opening the closed case is necessary, but reopening is conditioned upon the Debtors paying the Leon Spitzer Family Limited Partnership, directly (that is, not proceeding through the Trustee), the sum of $35. Upon certification of the payment, the Clerk shall once more close the case. The remaining debt to the Leon Spitzer Family Limited Partnership shall be discharged.

A separate order shall be entered. FED. R. BANKR. P. 9021.

DATED AND SIGNED ABOVE.



---

[1] The Spitzer Family Limited Partnership has conceded that it had actual notice of the Debtors' bankruptcy case and yet failed to file a proof of claim and complaint to determine nondischargeability before the case was closed. This is an additional reason why the chapter 7 debt has been discharged. *See Lompa v. Price (In re Price),* 871 F.2d 97, 99 (9th Cir. 1989); *Beezley*, 994 F.2d at 1437; *Moody v. Bucknum (In re Bucknum),* 951 F.2d 204, 207-08 (9th Cir. 1991) (concurring op.). *Cf. Levin v. Maya Constr. Co.(In re Maya Constr. Co.)*, 78 F.3d 1395, 1399 (9th Cir. 1996) (distinguishing chapter 7 case from formal notice requirement in chapter 11); *Lawrence Tractor Co. v. Gregory (In re Gregory)*, 705 F.2d 1118, 1123 (9th Cir. 1983).

| | |
|---|---|
| 1 | COPIES served as indicated below on the date signed above: |
| 2 | |
| 3 | Clifford B. Altfeld<br>Altfeld Battaile & Goldman, P.C.<br>250 North Meyer Avenue |
| 4 | Tucson, AZ 85701     Email: cbaltfeld@abgattorneys.com |

1   COPIES served as indicated below
    on the date signed above:
2
    Clifford B. Altfeld
3   Altfeld Battaile & Goldman, P.C.
    250 North Meyer Avenue
4   Tucson, AZ 85701               Email: cbaltfeld@abgattorneys.com

5   Scott D. Gibson
    Gibson, Nakamura, & Decker, PLLC
6   2941 N. Swan Rd., Suite 101
    Tucson, AZ 85712-2343          Email: sgibson@gnglaw.com
7
    Gayle Eskay Mills, Trustee
8   P.O. Box 36317
    Tucson, AZ 85740             Email Gayle.Mills@azbar.org
9
    Office of the U.S. Trustee
10   230 N. First Ave., Suite 204
     Phoenix, AZ 85003-1706          U.S. Mail
11

12   By /s/ M. B. Thompson
         Judicial Assistant
13

*SIGNED* (watermark)